UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
     12-CR-301

JUAN LOPEZ,

        Defendant.

      Juan Lopez pleaded guilty to violating Title 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(c)(1). This Court accepted the plea and adjudged him guilty of those crimes on January 9, 2014. Sentencing has twice been adjourned on Lopez's request. It is now scheduled for November 5, 2014.

      Throughout the proceedings in federal court leading up to his plea, Lopez was serving a New York State sentence for a separate conviction. Thus, his appearances in this Court were secured through writs of habeas corpus ad prosequendum. After each proceeding here concluded, he was sent back to state custody. Lopez continues to serve the state sentence.

      Now Lopez "requests, under the Interstate Agreement on Detainers Act, 18 U.S.C. App. III, to [be] transfer[ed] to federal custody pending sentencing in the federal case, in order to earn federal jail time credit and to facilitate communication with counsel." (Docket No. 222.) Lopez does not argue that the Agreement has been violated; he argues only that it somehow authorizes or compels this Court to transfer him to a federal detention facility.

Both the United States and the State of New York are signatories to the Interstate Agreement on Detainers. <u>See</u> 18 U.S.C. App.; N.Y. Crim. P. Law § 580.20. But Lopez's generic and summary citation to this Agreement fails to identify which of its provisions, or how those provisions, govern his motion.

The Agreement provides that "[d]etainers based on untried indictments, informations, or complaints and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." 18 U.S.C. App. § 2, Article I. Thus, the purpose of the Act is to ensure "speedy trial of persons already incarcerated in other jurisdictions" so as to avoid the deleterious effect that outstanding charges may have on a "prisoner['s] treatment and rehabilitation." <u>Id.</u> The Agreement does not authorize transfer from one prison system to another for the purpose of garnering "federal jail time credit" or to "facilitate communication."[1] Transfer from one jurisdiction to another is instead meant to facilitate a speedy trial. <u>See</u> <u>U. S. v. Mauro</u>, 436 U.S. 340, 351, 98 S. Ct. 1834, 56 L. Ed. 2d 329 (1978) (the Agreement's "purpose is to encourage the expeditious disposition of [] charges and to provide cooperative procedures among member States to facilitate such disposition"). Here, Lopez has already pleaded guilty, and the sentencing adjournments were granted on his request. Accordingly – and especially considering that the motion does not even attempt to demonstrate how the Agreement is applicable to the procedural posture of this case – Lopez's motion is denied.

---

[1] Because Lopez is in primary state custody, it is not even clear that the Federal Bureau of Prisons would assign credit for any time Lopez served in a federal institution.

\*\*\*

IT HEREBY IS ORDERED that Defendant's motion for transfer to federal custody (Docket No. 222) is DENIED.

Dated:     July 16, 2014
           Buffalo, New York

                                               <u>/s/William M. Skretny</u>
                                               WILLIAM M. SKRETNY
                                                       Chief Judge
                                             United States District Court