UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

JUAN LOPEZ,

                Defendant.

**DECISION AND ORDER**
12-CR-301S (1)

## I.     INTRODUCTION

Presently before this Court is Defendant Juan Lopez's motion for an order under 18 U.S.C. § 3582 (c)(1)(i) modifying his previously imposed sentence to run a portion of it concurrent with the state sentence that he is currently serving.   (Docket No. 371.)   The government opposes the motion, which for the reasons stated below, is denied.   (Docket No. 376.)

## II.     BACKGROUND

Lopez pleaded guilty on December 17, 2013, to (1) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922 (g)(1) (Count 7), and (2) possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924 (c)(1) (Count 6).[1]   (Docket Nos. 153, 154, 174.)   Nearly one year later, on November 5, 2014, this Court sentenced Lopez to, *inter alia*, a 48-month term of imprisonment on Count 7 and a mandatory 60-month consecutive term of imprisonment

---

[1] Lopez entered his plea on December 17, 2013, before the Magistrate Judge.   (Docket No. 154.)   This Court thereafter accepted the Magistrate Judge's Report and Recommendation as it pertains to acceptance of the plea on January 9, 2014, and adjudged Lopez guilty of both charges at that time.   (Docket No. 174.)

on Count 6, for an aggregate sentence of 108 months' imprisonment.[2]   (Docket Nos. 245, 250.)   This Court thereafter reduced Lopez's sentence on Count 7 to 27 months under Rule 35 of the Federal Rules of Criminal Procedure on December 12, 2018, which reduced his aggregate sentence to 87 months' imprisonment.   (Docket Nos. 329, 333.)

On the date of sentencing, Lopez was serving two state sentences, each for attempted murder.   (See Presentence Investigation Report, Docket No. 247, ¶¶ 69, 70.) On December 7, 2010, Lopez was sentenced in state court to 15 years' incarceration for attempting to murder Anthony Jackson, whom he shot multiple times from a few feet away after a brief quarrel.   See People v. Lopez, 946 N.Y.S.2d 780 (App. Div. 2012).   Two years later, Lopez was sentenced in state court to 10 years' incarceration (to run concurrent with the 15-year sentence above) for attempting to murder Michael Carr by shooting him in the back.   (See Presentence Investigation Report, ¶ 70.)   The two attempted murders occurred within six months of each other.   (See id.)

At sentencing, Lopez requested that this Court impose his sentence on Count 7 concurrent to his 15-year state sentence.   (See Docket No. 240, pp. 7-9.)   This Court denied that request, finding that the state offenses were not properly considered relevant conduct for purposes of imposing a concurrent sentence under § 5G1.3 (b) of the United

---

2 Lopez received a non-guidelines sentence.   This Court found that his Total Offense Level was 21 and his Criminal History Category was VI, which resulted in an advisory sentencing range of 77-96.   This Court then imposed a non-guidelines sentence of 48 months on Count 7 together with the mandatory 60-month consecutive sentence on Count 6, resulting in the aggregate sentence of 108 months.

States Sentencing Guidelines.   In other words, the state and federal offenses were distinct from one another, thus warranting separate punishment.

On October 14, 2021, Lopez filed the instant motion seeking an order modifying his sentence to run the 27-month sentence on Count 7 concurrent to his state sentence. (Docket No. 371.)   The government filed a memorandum in opposition on November 9, 2021.   (Docket No. 374.)   After Lopez's time in which to file a reply expired, this Court took his motion under advisement without oral argument.   (Docket No. 375 (affording Lopez until December 27, 2021 to reply).)

## III.   DISCUSSION

Lopez now seeks an order modifying his sentence on Count 7 to run concurrent to the 15-year state sentence he continues to serve—the same request this Court denied at sentencing.   "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."   United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).   One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[3] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

---

[3] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release.   See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions.   See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

> the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute.   See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020).

For several reasons, Lopez's request is denied.   First, a court's authority to modify a sentence under 18 U.S.C. § 3582 (c) is limited to modifying an imposed *term of imprisonment* and does not extend to collateral sentencing issues, such as whether the sentence should run concurrent or consecutive to any other sentence.   See United States v. Dunn, 631 F.3d 1291, 1292-1294 (D.D.C. 2011) (relying on Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)).   This Court therefore lacks authority to grant the relief requested.

Second, even assuming that this Court was authorized to grant the requested relief, Lopez fails to demonstrate that he exhausted his administrative rights.   The statutory exhaustion requirement in § 3582 (c)(1) is not jurisdictional, but rather, is a claim-processing rule that may be waived or forfeited by the government.   See United States v. Saladino, 7 F. 4th 120, 121-124 (2d Cir. 2021) (per curiam).   But if invoked by the government, which it is here, see Government Response, Docket No. 376, pp. 3-4, the

exhaustion requirement must be enforced because it is a mandatory claim-processing rule.   See id. at 125 (Menashi, J., concurring); see also United States v. Schultz, 454 F. Supp. 3d 217, 223-24 (W.D.N.Y. 2020).

The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days lapse from the date the warden of the defendant's facility receives the defendant's request to file such a motion on his or her behalf.   See 18 U.S.C. § 3582 (c)(1)(A).   Because Lopez fails to demonstrate that he ever sought administrative relief, his motion must be denied for failure to exhaust his administrative rights.

Third, and again assuming proper statutory authority, Lopez fails to demonstrate "extraordinary and compelling" circumstances warranting relief.   Congress initially delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).   See 28 U.S.C. § 994 (t).   The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.   The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".   See U.S.S.G. § 1B1.13, Application Notes.

But notably, the Second Circuit has held that U.S.S.G. § 1B1.13 is inapplicable to

motions brought directly by defendants, such as this one, and no longer constrains a district court's consideration of what qualifies as extraordinary and compelling reasons for purposes of such motions.   See United States v. Brooker, 976 F.3d 228, 234-37 (2d Cir. 2020) (holding that U.S.S.G. § 1B1.13 applies only to motions brought by the Bureau of Prisons).   The circuit court further held that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.   Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."   Id.; see also United States v. Jones, 17 CR 214 (CM), 2021 WL 4120622, at *1-2 (S.D.N.Y. Sept. 9, 2021).

Lopez maintains that his service of more than 12 years in state prison and his efforts at rehabilitating himself constitute extraordinary and compelling reasons warranting relief.   But service of a sentence, particularly here where Lopez has not even begun serving his federal sentence, does not constitute an extraordinary and compelling reason for a sentence modification.   See United States v. Johnson, 18-CR-907-PAC-2, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021) ("The fact that Johnson has served most of his sentence and is scheduled to be released in less than three months is not an extraordinary and compelling reason for a sentence reduction in this case, either."); United States v. Aswat, 04 Cr. 356, 2021 WL 2018207, at *4 (S.D.N.Y. May 20, 2021) (finding service of approximately 90% of sentence not extraordinary and compelling).

Moreover, rehabilitation efforts alone, no matter how laudable, cannot be considered an extraordinary and compelling reason for a sentence modification.   See 28

U.S.C. § 994 (t); Brooker, 976 F.3d at 234 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (emphasis in original) (quoting 28 U.S.C. § 994 (t)).   While Lopez's efforts at rehabilitating himself are commendable and should continue, they do not alone or in combination with his other argument constitute an extraordinary and compelling reason for a sentence modification.   See United States v. Steele, No. 3:19-cr-65-VLB-2, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) (finding that "because the other claimed circumstances are unpersuasive and unsupported, [defendant's] rehabilitation cannot be considered an extraordinary and compelling reason"); United States v. Richiez-Castillo, 00-CR-54-RJA, 2021 WL 1746426, at *6 (W.D.N.Y. May 4, 2021) (finding that rehabilitation could not be considered an extraordinary and compelling reason for sentence reduction in the absence of other grounds).

Further, nothing Lopez presents changes this Court's initial determination that a concurrent sentence would be inappropriate given the separate nature of the state and federal crimes.   This Court previously considered Lopez's arguments in support of a concurrent sentence and rejected them.   Nothing contained in Lopez's present motion warrants disturbing that conclusion.

Finally, even if this Court were authorized to grant relief and found the existence of extraordinary and compelling reasons to modify Lopez's sentence (which it does not), it would further find that those reasons are outweighed by consideration of the § 3553 (a) factors, and that Lopez's sentence would be severely undermined by a further

modification.   See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 2020 WL 91399, at *7.

Although this Court is aware of Lopez's difficult upbringing, a fact it fully considered at sentencing and considers again now, his criminal history and the nature of his offenses counsel against a sentencing modification.   Lopez has been arrested 20 times, with 13 of those arrests resulting in convictions.   He was on parole when he committed the instant offenses, and his numerous crimes have involved attempted murder, assault, weapons possession, disorderly conduct, possession of stolen property, and controlled substances offenses.   His offense conduct here involved using straw persons, often desperate individuals, to purchase firearms for him that he used to further his extensive drug-trafficking activities.

For this recidivist criminal activity, Lopez ultimately received an 87-month aggregate sentence.   This is a fair, just, and reasonable sentence which, in this Court's view, would be severely undermined by running 27 months of it concurrent to Lopez's unrelated state sentence.   Such a modified sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant.   See 18 U.S.C. § 3553 (a).   Such a modification would also result in unwarranted sentencing disparities. Id.

As to dangerousness, which this Court considers in conjunction with the need to protect the public from future crimes by the defendant, Lopez has an extensive criminal history (criminal history category VI) filled with violent crimes and controlled substances

offenses, as outlined above.   He has demonstrated past violent tendencies—seen most notably in his two attempted murder convictions—and has proven that criminal justice sentences are ineffective in curbing his criminal activity.   Based on this history, this Court finds that Lopez poses a danger to the community and a risk of committing future crimes if his sentenced is modified to permit earlier release.

Accordingly, consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence modification.

## IV.   CONCLUSION

For the reasons stated above, this Court finds that a sentence modification under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted.   Lopez's motion will therefore be denied.

## V.   ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Modify Sentence (Docket No. 371) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Defendant at his correctional institution of record.

SO ORDERED.


Dated:        January 25, 2022
              Buffalo, New York


                                             s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge

9